IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CATHY ANN WEST,**

               Plaintiff,

vs.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

               Defendant.

Case No.: 3:10-cv-01421-PK

**FINDINGS AND
RECOMMENDATION**

PAPAK, Magistrate Judge:

Plaintiff, Cathy Ann West ("West"), brings this action pursuant to the Social Security Act,

42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The

Commissioner denied West's applications for Title II disability insurance benefits ("DIB") and Title

XVI supplemental security income ("SSI"). For the reasons set forth below, the Commissioner's

decision should be REVERSED and this case should be REMANDED for further proceedings.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born on March 3, 1960, West alleges disability due to "fibromyalgia, degenerative disc disease of the lumbar spine, major depressive disorder (recurrent), antisocial personality traits, depression, anxiety, chronic fatigue, chronic nonmalignant pain, soft tissue hip injury, osteoarthritis, musculosketal inflamation, chronic pain, posttraumatic stress disorder ('PTSD'), herpes simplex, chondromalacia patella, opiate dependence (in remission), hepatitis C, back pain stiffness, and irritable bowel syndrome ('IBS')." Tr.[1] 19, 159. On April 14, 2008, West protectively filed applications for DIB and SSI alleging disability beginning November 1, 2006. Tr. 17, 111-20. West's applications were denied initially and upon reconsideration. Tr. 61-64, 67-79. West timely requested a hearing before an administrative law judge ("ALJ"). Tr. 80-89, 91-108. On April 12, 2010, an ALJ hearing was held before the Honorable Steve Lynch. Tr. 32-56. On April 19, 2010, ALJ Lynch issued a decision finding West not disabled with the meaning of the Act. Tr. 14-31. The Appeals Council ("AC") denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## DISABILITY ANALYSIS

The Commissioner engages in a five-step sequential process in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The initial burden of establishing disability rests upon the claimant. *Id.* If the sequential disability analysis reaches the fifth step, the burden shifts to the Commissioner.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed March 25, 2011 (Docket # 11).

At step one, the Commissioner determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, she is not disabled. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). At step three, the Commissioner determines whether the severe impairment meets or equals a "listed" impairment in the regulations. If the impairment is determined to equal a listed impairment, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If adjudication proceeds beyond step three, medical and other relevant evidence is evaluated in assessing the claimant's residual functional capacity ("RFC"). The RFC is an assessment of work-related activities the claimant can still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e); SSR 96-8p, *available at* 1996 WL 374184, *2.

At step four, the Commissioner uses this information to determine if the claimant can perform her past relevant work. If the claimant can perform her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the Commissioner finds that the claimant's RFC precludes performance of this work, the Commissioner proceeds to step five. At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 416.920(f); *Yuckert*, 482 U.S. at 142. Conversely, if the

3 - FINDINGS AND RECOMMENDATION

Commissioner meets his step-five burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that West had not engaged in substantial gainful activity since the alleged outset date. Tr. 19, Finding 2. At step two, the ALJ determined that West had the following severe impairments: fibromyalgia, degenerative disc disease of the lumbar spine with radicular pain, major depressive disorder (recurrent), antisocial personality traits, PTSD, opiate dependence (in remission), and hepatitis C. Tr. 19-20, Finding 3. At step three, the ALJ found that West did not have an impairment, singly or in combination, that met or medically equaled the requirements of a listed impairment. Tr. 20-21, Finding 4.

Because she did not establish disability at step three, the ALJ continued the evaluation process to determine how West's medical impairments affected her ability to work. The ALJ resolved that West had the RFC to perform light work, with the following additional limitations: lifting twenty pounds occasionally and ten pounds frequently; standing and walking six hours per day; sitting six hours per day; no interaction with the public; and only simple, routine tasks. Tr. 21-25, Finding 5. At step four, the ALJ found that West was unable to perform her past relevant work. Tr. 25-26, Finding 6. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national and local economies that West could perform. Tr. 26-27, Finding 10. Based on these findings, the ALJ determined that West was not disabled within the meaning of the Act. Tr. 27, Finding 11.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh the evidence that supports and detracts from the Commissioner's conclusion. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)); *see also Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). The Commissioner's decision must be upheld if the Commissioner's interpretation of the record is rational. *Batson,* 359 F.3d at 1193.

## DISCUSSION

As a preliminary matter, West asserts that the AC erred by failing to provide "specific and legitimate reasons" for rejecting the medical opinion of Dr. Arthur Gaskell, III, M.D. Pl.'s Opening Br. 1. Further, West argues the ALJ erred by: (1) using the RFC assessment to improperly discredit her credibility; and (2) posing hypothetical questions to the Vocational Expert ("VE") that failed to take into account all of her limitations. *Id.* at 1-2.

I.      **Preliminary Matter**

As an initial matter, West challenges the AC's review of the additional evidence submitted to it after the ALJ rendered his decision. Specifically, West argues that the AC discounted the medical opinion of Dr. Gaskell, dated April 15, 2010, without giving "specific legitimate reasons." Pl.'s Opening Br. 1, 3.

It should be noted, however, that, when the AC denies a request for review, "it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (citing *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). Consequently, the reviewing court has no jurisdiction to review an AC decision denying a claimant's request for review; it may "neither affirm nor reverse the [AC] decision." *Id.* This Court therefore cannot engage in analysis regarding the reasoning of the AC or its conclusions. Rather, the issue is whether the AC addressed the additional evidence pursuant to West's request for review, such that it is properly before this Court.

Here, the record clearly demonstrates that the AC accepted the evidence in question. The decision by the AC states "we considered the medical source statement from Dr. Arthur Gaskell, III, M.D., dated April 15, 2010." Tr. 2. Where, as here, the AC accepts additional evidence pursuant to a request for review, the court considers that evidence as part of the record when reviewing the ALJ's decision. *Ramirez v. Shalala,* 8 F.3d 1449, 1452 (9th Cir. 1993); *Brewes v. Comm'r of Soc. Sec. Admin.*, 2012 WL 2149465, *1 (9th Cir. June 14, 2012). Therefore, this Court will examine Dr. Gaskell's opinion in the context of West's appeal.

## II.   Credibility

West argues that the ALJ erred by "revers[ing] the proper manner of considering credibility, first finding a [RFC] for plaintiff, then finding plaintiff's testimony concerning her symptoms 'not credible to the extent' it was inconsistent with the RFC he had already determined." Pl.'s Opening Br. 10.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996) (internal quotations omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993). As such, the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995). If, however, "the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

West is correct that the ALJ stated that her "statements concerning the intensity, persistence and limiting effects of her symptoms are not credible, to the extent they are inconsistent with the above [RFC] assessment." Tr. 22. West is also correct that the ALJ may not use the RFC assessment to discredit a claimant's testimony. *Glover v. Astrue,* 2011 WL 1230045, *4 (D.Or. Mar. 10), *adopted by* 2011 WL 1212233 (D.Or. Mar. 30, 2011); *Titon v. Astrue,* 2011 WL 4381745, *11-12

7 - FINDINGS AND RECOMMENDATION

n.5 (D. Or. Sept. 20, 2011). Thus, if the ALJ found West's testimony not credible solely on the basis

of the RFC assessment, then West would be entitled to the relief she seeks. *See, e.g., Dulaney v.*

*Astrue,* 2011 WL 7331025, *3-5 (D.Or. Dec. 2, 2011), *adopted by* 2012 WL 512203 (D.Or. Feb. 14,

2012).

In this case, after remarking that West's statements were not credible to the extent they were

inconsistent with the RFC, the ALJ proceeded to list five additional reasons why her testimony was

rejected: failure to seek and comply with medical treatment; inconsistencies in listing assets; history

of drug abuse; history of criminal convictions; and lack of work history. Tr. 22-24.

## A.    Failure to Seek and Comply with Medical Treatment

First, the ALJ found that West failed to seek treatment for her hepatitis C, take pain

medication for her fibromyalgia, and attend her medical treatment programs. Tr. 22-23. Failure to

seek treatment or follow a prescribed course of treatment is a clear and convincing reason to reject

a claimant's subjective symptom testimony. *Smolen,* 30 F.3d at 1284. In his decision, the ALJ noted

that West was diagnosed with hepatitis C in 2006, yet she never sought medical treatment for the

condition. Tr. 22. The ALJ also remarked that West was diagnosed with fibromyalgia in 2005, but

she had not taken her pain medication since 2008.[2] Tr. 22. Moreover, the ALJ noted that West did

not attend her drug treatment program in May 2008 and did not comply with her medical treatment

---

[2] West argues that her use of "alternate, non-opiate methods of pain control, including a transcutaneous electrical nerve stimulation (TENS) unit and heat" is evidence that she was receiving treatment for her fibromalgia. Pl.'s Opening Br. 13. While such methods may assist with pain control, nothing in the record indicates that these methods by themselves are physician-approved alternatives to the pain medication West was prescribed, which included the use of non-opiate medications.

8 - FINDINGS AND RECOMMENDATION

program in March 2006. Tr. 23. Further, the record shows that West's physical therapist reported that she had missed three appointments, which was a "limitation toward obtaining goals." Tr. 462.

I agree with the ALJ that these incidents, taken together as a whole, bely West's subjective symptom testimony. Accordingly, for this reason, alone, the ALJ's credibility determination should be upheld. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[s]o long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate [credibility] conclusion, such [an error] is deemed harmless and does not warrant reversal") (citations and internal quotations omitted).

### B.    Inconsistencies in Listing Assets

In addition, the ALJ identified other factors which call into question West's credibility. In determining a claimant's credibility, an "ALJ may consider ordinary techniques of credibility evaluation." *Smolen,* 30 F.3d at 1284. Further, inconsistencies in a claimant's testimony is a clear and convincing reason to reject it. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

As the ALJ noted, West testified at the hearing that she had very little income and relied on food stamps to purchase food. Tr. 23, 37. West also listed her only vehicle as a 2000 Ford Windstar. Tr. 23, 118. However, the ALJ pointed out that a Social Security Administration Field Office employee witnessed West driving a 2003 Mercedes Benz. Tr. 23, 185. When the Field Office employee contacted West and inquired about the Mercedes, West claimed the car was owned by her business; nonetheless, further investigation by the Field Office employee revealed that the vehicle was in fact registered under West's name. *Id.*

After the ALJ rendered his decision, West submitted to the AC a "Notice of Sale of Repossessed Vehicle," indicating that the Mercedes had been repossessed and sold. Tr. 497-98. This

document does not alter the fact that West repeatedly withheld details about the Mercedes from the Social Security Administration, even when confronted by officials. Thus, West's inconsistent statements also seriously undermine her credibility.

As such, because the ALJ provided at least two clear and convincing reasons to reject West's credibility, it is unnecessary for this Court to further discuss the other reasons provided. *See Dulaney*, 2011 WL 7331025 at *5 (citing *Carmickle*, 533 F.3d at 1162-63). Because substantial evidence supports the credibility finding, the ALJ's decision should be affirmed as to this issue.

## III.    RFC Determination

West also argues that the ALJ erred by presenting an incomplete hypothetical question to the VE: "The ALJ propounded a dispositive hypothetical question that failed to take into account plaintiff's limitations in concentration, persistence and pace." Pl.'s Opening Br. 1, 6. Specifically, West argues that, because all of her doctors opined that she is moderately to markedly impaired in concentration, persistence, or pace, the ALJ's restriction to "simple routine work" does not account for this deficit. *Id.* at 7-8. West relies on the opinions of Dr. Michael Brown, Ph.D., Dr. Scott Alvord, Psy.D., and Dr. Gaskell[3] to support her contention. *Id.* at 7. West also cites to *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212 (9th Cir. 2009). *Id.* at 9.

The Commissioner may rely on the testimony of a VE to meet its burden of showing that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The ALJ therefore must pose a hypothetical

---

[3] While not explicit, West also seems to argue that Dr. Gaskell's opinion, alone, establishes that she is disabled. *See* Pl.'s Opening Br. 3-6.

question to the VE that includes all of the claimant's functional limitations that are supported by substantial evidence in the record. *Thomas*, 278 F.3d at 956; *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

Because West does not directly challenge the RFC, she failed to provide any basis for this Court to review the hypothetical questions posed to the VE. *See Lockwood*, 616 F.3d at 1071-72; *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). However, giving West the benefit of the doubt, the Court construes her argument as a challenge to the RFC. In assessing the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe. SSR 96-9p, *available at* 1996 WL 374184, *5. Further, the ALJ is required to consider all medical opinions and assess the weight to be afforded each opinion. 20 C.F.R. §§ 404.1527, 416.927. However, the RFC need only incorporate limitations found on the record. *Osenbrock*, 240 F.3d at 1164-65.

On September 2, 2008, Dr. Alvord conducted a psychodiagnostic examination of West and reported that "[h]er ability to concentrate, persist and pace is considered to fall in the moderate range of impairment." Tr. 362. Dr. Alvord opined that West's overall adaptive functioning was significantly impaired, but stated that her condition may improve through the use of intensive psychiatric and substance abuse treatment. Tr. 364. The ALJ gave Dr. Alvord's medical report limited weight because his opinion was vague and did not identify specific limitations. Tr. 24. The ALJ also noted that Dr. Alvord did not clarify how West's adaptive functioning was limited and remarked that the doctor's opinion concerning her limitations was not in accordance with his evaluation of her global assessment functioning score of 55-60. Tr. 22-24, 364.

On September 22, 2008, Dr. Brown, a state agency consulting source, found moderate limitations in concentration, persistence, or pace and opined that West was restricted to "simple and moderately complex tasks w/ limitations in [concentration, persistence, and pace] & work attendance due to psychiatric limitations." Tr. 391. The ALJ gave some weight to Dr. Brown's opinion, but did not fully credit it "because of the conflict with the psychiatric review technique form that he himself filled out concurrently, showing [less severe] limitations, and because of other conflicting information in the file and obtained through testimony." Tr. 25. The ALJ further noted that "Dr. Brown did not address [West's] abilities if she obtained medical treatment for her mental impairments." *Id.* West does not dispute the weight afforded to the opinions of Drs. Alvord or Brown.

Based on these reports, the ALJ found that West has "moderate" difficulties with regard to concentration, persistence, or pace. Tr. 20. Contrary to West's assertions, however, "[t]he term 'moderate' does not [necessarily] indicate a degree of limitation that must be expressly reflected in the RFC assessment." *Bagby v. Astrue*, 2012 WL 1114298, *10 (D.Or. Feb. 7), *adopted by* 2012 WL 1114288 (D.Or. Apr. 3, 2012) (citing *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007)). Further, "[a]n RFC to perform simple, repetitive tasks [can be] sufficient to accommodate a claimant's moderate limitations in attention, concentration, and social abilities." *Id.* at *11 (citing *Stubbs-Danielson*, 539 F.3d at 1173-74); *see also Sabin v. Astrue*, 337 Fed.Appx. 617, 620-21 (9th Cir. 2009) (ALJ did not err in determining that, despite moderate difficulties in concentration, persistence, or pace, claimant could perform "simple and repetitive tasks on a consistent basis").

West fails to explain how the ALJ's restriction to "simple routine tasks," with no public interaction, is insufficient to account for this impairment. When construed in their entirety and with

12 - FINDINGS AND RECOMMENDATION

the other medical evidence, I find that the reports of Drs. Brown and Alvord are consistent with the ALJ's RFC.

However, the additional evidence that West submitted to the AC is a different matter. As discussed above, this Court must consider Dr. Gaskell's April 15, 2010 report as part of the record when reviewing the ALJ's decision. Dr. Gaskell's opinion is a five-page response to a questionnaire from West's attorney, in which the doctor stated that he has known West for over six years and has served as her primary care physician. Tr. 501-05. Dr. Gaskell assessed West's RFC and found that she could carry ten pounds occasionally and less than ten pounds frequently; stand for ten to fifteen minutes and walk no more than fifteen minutes, at one time, in an eight hour day; and stand and/or walk for one to two hours, in total, in an eight hour day. Tr. 502. Dr. Gaskell also found "marked" impairments in concentration, persistence, or pace, social functioning, and the activities of daily living. Tr. 504. Finally, Dr. Gaskell opined that West could work "[a]t best 2 hours in 8 hour day, but not continuous for [a] 5 [day] workweek." Tr. 505. Accordingly, Dr. Gaskell concluded that West was disabled. Tr. 502.

Thus, West is correct that Dr. Gaskell's opinion indicates that she is severely limited by physical and mental impairments which are not accounted for in the ALJ's RFC. The Court nonetheless notes that Dr. Gaskell's opinion is brief and conclusory, and primary consists of check-the-box and short fill-in-the-blank answers. In addition, much of Dr. Gaskell's opinion is contradicted by other medical evidence in the record, including his own reports.

Dr. Kim Webster, M.D., performed a physical evaluation of West on March 4, 2009 and opined that there was no objective evidence limiting her ability to stand, walk, sit, lift, or carry objects, either occasionally or frequently. Tr. 402. On September 18, 2008, State Disability

Determination examiner Dea Lindsey[4] found that West could: occasionally lift fifty pounds and

frequently lift twenty-five pounds; stand, walk, and sit for approximately six hours in an eight hour

work day; and push/pull without limitation. Tr. 368. Ms. Lindsey also concluded that West had no

postural, manipulative, visual, or environmental limitations. Tr. 369-71. The ALJ gave some weight

to the opinions of Dr. Webster and Ms. Lindsey and West does not now dispute these findings. Tr.

24.

Dr. Gaskell's previous reports do not indicate a degree of severity commensurate with his

April 15, 2010 opinion. *Compare* Tr. 501-05 (Dr. Gaskell's April 15, 2010 report), *with* Tr. 247-58,

493-95 (Dr. West's previous reports). The record indicates that Dr. Gaskell served as West's primary

care physician during the period of alleged disability; during this time, Dr. Gaskell treated West

primarily for physical impairments, such as fibromyalgia and pain, but not for any psychological

issues. Tr. 247-58, 493-95. However, Dr. Gaskell's medical findings prior to 2010 reveal few

physical limitations. *See, e.g.,* Tr. 252-54 (finding that West's back was straight when standing, that

she gets out of a chair with minimal discomfort, and that her leg strength was normal); Tr. 250

(finding that West's back "has very supple muscles and fairly good working ability," as well as no

catches or grinding in her hip, despite her alleged pain in those regions). Moreover, the record shows

that after 2007, West did not see Dr. Gaskell again for nearly two years. Tr. 493-95.

Therefore, taking the entire record into account, including Dr. Gaskell's April 15, 2010

report, the Court is unable to determine whether the ALJ's disability determination is supported by

substantial evidence. Under these circumstances, the Court has "discretion to remand a case either

---

[4] The record is not clear as to the qualifications of Ms. Lindsey; however, her findings
were affirmed by Dr. Guthrie Turner, M.D., on March 18, 2009. Tr. 404.

14 - FINDINGS AND RECOMMENDATION

for additional evidence and findings or to award benefits." *Brewes*, 2012 WL 2149465 at *6 (quoting

*Smolen*, 80 F.3d at 1292). The award of benefits is appropriate where no useful purpose would be

served by further administrative proceedings or the record has been fully developed and there is not

sufficient evidence to support the ALJ's conclusion. *Id.*; *see also Holohan v. Massanari*, 246 F.3d

1195, 1210 (9th Cir. 2001). Conversely, remand for further proceedings is proper where outstanding

issues remain unresolved. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Due to the ambiguity in the record, further proceedings are necessary in this case.

Specifically, if credited as true, Dr. Gaskell's report establishes that the ALJ's RFC does not account

for all of West's limitations. Because these materials were not before the ALJ, they are not reflected

in his five-step evaluation; this is especially problematic given the aforementioned inconsistencies

and the fact that the ALJ did not discuss Dr. Gaskell's previous reports, despite the fact that as a

treating physician, his opinion would generally be afforded greater, if not controlling, weight. *See*

20 C.F.R. § 404.1527; *Orn v. Astrue*, 495 F.3d 625, 631-33 (9th Cir. 2007). As such, this case should

be remanded so that the ALJ can reconsider his decision in light of Dr. Gaskell's medical opinion.

*See, e.g., Taylor*, 659 F.3d at 1233; *Ramirez*, 8 F.3d at 1451-52; *Brewes*, 2012 WL 2149465 at *6.

On remand, therefore, the ALJ must appropriately perform the five-step sequential disability analysis

in light of the entire record, including Dr. Gaskell's April 15, 2010 report. Finally, if necessary, the

ALJ must incorporate any revised findings.

## CONCLUSION

For the forgoing reasons, the Commissioner's decision should be REVERSED and this case

should be REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings

consistent with this Findings and Recommendation. A final Judgment should be prepared.

## SCHEDULING ORDER

The above Findings and recommendation will be referred to a United States District Judge for review. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 13th day of July 2012.

Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION